### CUTLER v. MARYLAND HOTEL CO.

(Circuit Court, E. D. Missouri, E. D.   March 22, 1909.)

#### No. 5,653.

PATENTS (§ 283*)—SUIT IN EQUITY FOR INFRINGMENT—DEFENSES.

In a suit in equity for infringement of a patent for a mail chute, where the bill alleges that defendant has made or caused to be made and used a mail chute which infringes the patent, a plea denying that defendant has made or used, or is making or using, any mail chute whatsoever, and alleging that a mail chute installed in a hotel owned by it is used in the collection of mail matter, and under the statutes and regulations of the Post Office Department is the property of the United States and under the exclusive care and custody of the Post Office Department, states a defense against the right of complainant to any relief in equity, his right of action, if any, being at law for damages.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 283.*]

In Equity. On argument of plea.

A. C. Fowler and Church & Rich, for complainant.
Bakewell & Cornwall and John W. Noble, for defendant.

DYER, District Judge. This is an action for an alleged infringement by the defendant of certain letters patent of the United States granted to the complainant.

The bill alleges, in substance: That the plaintiff is a citizen of the United States, and resides in the state of New York; and that the defendant is a corporation under the laws of the state of Missouri, and is a resident of the Eastern division of the Eastern judicial district of Missouri; that complainant was the true, original, and first inventor for certain new and useful improvements in mail chutes, which are fully described in the specification of the letters patent; that being the first inventor of said improvements he made application to the proper department of the United States for letters patent therefor, and that on the 26th day of April, 1904, letters patent for said invention were granted to the complainant under the seal of the Patent Office of the United States, which said letters patent are numbered 758,-128; that said letters patent granted and secured to him, his heirs and assigns, for the term of 17 years from the date thereof, the full and exclusive right to make, use, and vend said invention throughout the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

United States and the territories thereof; that since the grant of said letters patent the complainant has exclusively possessed said letters patent, and all rights under the same, and of the inventions thereby secured and intended to be secured, and has put the same into practice.

The complainant then says, upon information and belief, that the defendant, since the date of said letters patent, and before the commencement of this action, and during and within the 17 years mentioned in said letters patent, unlawfully, wrongfully, and injuriously, and with the intent to derive profit from using said improvements, and so deprive your orator of the benefit of the monopolies granted by said letters patent, and without the license of your orator and against his will, has made or caused to be made and used mail chutes which contain and employ, and contained and employed, the inventions covered by said letters patent hereinbefore set forth, and particularly the subject-matter of claims 1, 2, 3, 4, 9, 17, 18, 19, 20, 21, 27, and 54 of said letters patent, in infringement of the exclusive rights secured to him by the letters patent aforesaid, but as to the number of said mail chutes made by said defendant complainant is not informed.

Complainant further says in his bill that he has reason to fear, and fears, that defendant, unless restrained by writ of injunction, will continue to use said mail chutes and encourage others to do so, thereby infringing the complainant's rights, which will cause irreparable injury to him.

A prayer for injunction and accounting follows.

On the 4th day of December, 1908, the defendant company filed the following plea to the bill:

"That this defendant has never made or used, and is not now engaged in making or using, any mail chute whatsoever; that in defendant's building, situated at the northwest corner of Ninth and Pine streets, in the city of St. Louis, state of Missouri (a building which is freely open to the public during business hours), is installed for public use a certain mail chute, used for the collection of mail matter, which mail chute, under the statutes of the United States in such cases made and provided, and under the postal rules and regulations governing mail chutes and receiving boxes, is under the exclusive care and custody of the Post Office Department of the United States; that said mail chute complained of in this action (which mail chute defendant does not admit embodies any invention, the subject-matter of any claim or claims of the letters patent in suit) is, under the statutes of the United States, and under the postal regulations governing mail chutes and receiving boxes enacted in pursuance of the statutes of the United States, the property of the United States, and is under the exclusive care and custody of the Post Office Department of the United States, representing in this behalf the government of the United States.

"This defendant, Maryland Hotel Company, pleads the above facts in bar to the whole of said bill, and demands the judgment of this honorable court why it ought to be compelled to make any answer to the said bill of complaint, and prays that it may be hence dismissed with its reasonable costs in this behalf most wrongfully sustained."

On the 1st of February, 1909, the complainant by his solicitors filed a motion to set said plea down for argument. That motion is as follows:

"Now comes Joseph Warren Cutler, by A. O. Fowler, his attorney, and moves the court to set down this action for argument upon the plea filed herein by the

said defendant, the Maryland Hotel Company, on the ground that the plea does not furnish a sufficient defense to the bill of complaint filed herein."

This motion is filed in pursuance of rule 38 (Rules of Practice in Equity).

The plea was set down for argument at the instance and on motion of the complainant. The effect of this action on the part of the complainant, and the reason for such plea, is stated in the case of Farley v. Kittson, 120 U. S. 303, 7 Sup. Ct. 534, 30 L. Ed. 684. The court there says:

"If he sets down the plea for argument, he thereby admits the truth of all the facts stated in the plea, and merely denies their sufficiency in point of law to prevent his recovery. If, on the other hand, he replies to the plea joining issue upon the facts averred in it, and so puts the defendant to the trouble and expense of proving his plea, he thereby, according to the English chancery practice, admits that, if the particular facts stated in the plea are true, they are sufficient in law to bar his recovery; and if they are proved to be true the bill must be dismissed, without reference to the equity arising from any other facts stated in the bill."

The bill charges that the defendant—

"has made and used mail chutes which contain and employ the inventions covered by the letters patent, * * * in infringement of the exclusive rights secured to him by the letters patent, etc., * * * and fears, and has reason to fear, that unless the defendant is restrained, etc., it will continue to use said mail chutes. * * *"

The plea is substantially this: The defendant has not made nor used, and is not making or using, any mail chute whatsoever. That the mail chute installed in defendant's hotel is used for the collection of mail matter, and is, in pursuance of law and the rules of the Post Office Department of the United States, under the exclusive care and custody of the Post Office Department, and under the law is the property of the United States.

The complainant challenges the sufficiency of the plea, mainly on the ground that it raises the defense of noninfringement, and for that reason cannot be raised by plea, but must be raised by answer. On the other hand, the defendant claims that the plea does not raise the question of infringement in the technical sense, but merely the question of nonliability.

These contentions present very sharply the questions to be now decided. If the defendant has not made or used, and is not making or using, any mail chute whatsoever, then the prayer in the bill for injunction should not be granted, for the simple reason that the defendant has in no wise infringed (either by making or using) the rights secured to the complainant by the letters patent. The bill, however, charges that the defendant caused to be made mail chutes that infringed his patent. This is not denied by defendant in its plea. If, however, the defendant caused to be made and installed the mail chute in the Maryland Hotel, then that act was in violation of complainant's rights (as now appears), for which the defendant should account. The defendant claims in its plea that the chute in the Maryland Hotel is now, under the laws of the United States and valid post office regulations, in the absolute care and custody of the United States, and is

the property of the United States, and that it has no control over the chute in the Maryland Hotel. In support of that contention, the defendant cites the following act of Congress (Act January 23, 1893, 27 Stat. 421, c. 41 [U. S. Comp. St. 1901, p. 2638]) and following regulation of the Post Office Department, to wit:

"That no boxes for the collection of mail matter by carriers shall be placed inside any building except a public building, or a building which is freely open to the public during business hours, or a railroad station (and that the Postmaster General is hereby authorized in his discretion, to declare by official order that the chutes connected with mail boxes, that are attached to any chute or device that may be approved by him, are a part of said receiving boxes, and under the exclusive care and custody of the Post Office Department.) Approved January 23, 1893."

"Mailing chutes and receiving boxes shall be considered the property of the United States, whenever and so long as collections of mail matter are made therefrom, and shall be and remain under the exclusive custody and control of the postmaster until such collections are discontinued by his directions."

The court has reached the conclusion from the facts set forth in the plea that it cannot grant the relief prayed for in the bill. If the complainant has any right of action against the defendant at all, it is an action at law and not in equity.

The plea interposed by the defendant is sustained.